IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 6, 2004

## STATE OF TENNESSEE V. MARY LUCINDA WASHINGTON

**Direct Appeal from the Circuit Court for Gibson County**
**No. 7217    Clayburn Peeples, Judge**

_____

**No. W2003-01249-CCA-R3-CD  - Filed April 14, 2004**

_____

The defendant was convicted of reckless homicide for the stabbing death of her adult daughter.  The trial court sentenced the defendant to a maximum sentence of four years for a Class D felony as a Range I offender.  The defendant appeals this sentence claiming it is excessive and that the trial court erred in permitting the judge who presided over the defendant's preliminary hearing to testify at the sentencing hearing.  We find these issues do not merit a reversal of this case and affirm the trial court's decision to impose the maximum sentence.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID G. HAYES, and THOMAS T. WOODALL, JJ., joined.

Periann S. Houghton, Trenton, Tennessee, for the appellant, Mary Lucinda Washington.

Paul G. Summers, Attorney General & Reporter; Thomas E. Williams, III, Assistant Attorney General; Gary Brown, District Attorney General; and Edward L. Hardister, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Factual Background

On June 17, 2002, the defendant and her daughter began to argue over money at their house.  Their argument escalated into a physical confrontation.  During the argument, the defendant stabbed her daughter in the upper left chest with a steak knife.  Her daughter subsequently died as a result of this injury.

On July 29, 2002, the Gibson County Grand Jury returned a two-count indictment against the defendant for one count of voluntary manslaughter and one count of aggravated assault. A jury trial was held on February 13, 2003. The trial court dismissed the aggravated assault charge. The jury found the defendant guilty of the lesser offense of reckless homicide. The trial court held a sentencing hearing on May 13, 2003 where the trial court sentenced the defendant to four years to be served as a Range I offender.

The defendant's issues on appeal deal solely with the sentencing hearing and her sentence. She argues that the trial court erred in allowing the judge who presided over the defendant's preliminary hearing to testify at the sentencing hearing and that her sentence is excessive.

**Standard of Review**

"When reviewing sentencing issues . . . , the appellate court shall conduct a de novo review on the record of such issues. Such review shall be conducted with a presumption that the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d). "However, the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In conducting our review, we must consider the defendant's potential for rehabilitation, the trial and sentencing hearing evidence, the pre-sentence report, the sentencing principles, sentencing alternative arguments, the nature and character of the offense, the enhancing and mitigating factors, and the defendant's statements. Tenn. Code Ann. §§ 40-35-103(5), -210(b); Ashby, 823 S.W.2d at 169. We are to also recognize that the defendant bears "the burden of demonstrating that the sentence is improper." Ashby, 823 S.W.2d at 169.

**Analysis**
**Preliminary Hearing Judge As Witness**

The defendant first argues that the trial court erred in allowing the judge who had presided over the defendant's preliminary hearing to testify at the defendant's sentencing hearing. At the defendant's sentencing hearing, the Honorable James Webb, a General Sessions Judge in Gibson County, was called as a witness. The trial court allowed his testimony over the defendant's objection after the State explained that Judge Webb was going to testify as to the need for general deterrence in the community. Once on the stand, Judge Webb testified to an increasing number of stabbing cases seen in his court. He testified that the cases often involve related parties such as husband/wife, other family members, or boyfriend/girlfriend, and that the victims because of these relationships are reluctant to ask for punishment. He stated that they often ask for the case to be dismissed. It was Judge Webb's opinion that the community does not treat such cases as a serious matter and that sentences including jail time would prove to be an effective deterrent.

Under Rule 601 of the Tennessee Rules of Evidence, "Every person is presumed competent to be a witness except as otherwise provided in these rules or by statute." See also, State v. Kendricks, 947 S.W.2d 875, 881 (Tenn. Crim. App. 1996). Rule 605 of the Tennessee Rules of Evidence states, "The judge or chancellor presiding at the trial may not testify in that trial." The Advisory Commission Comment that accompanies Rule 605 states, "Of course a judge could testify in a later collateral attack proceeding. The subsequent proceeding would not be 'that trial.'"

Although it is a bit unusual to allow the judge who presided over the defendant's preliminary hearing to testify later at that same defendant's sentencing hearing, in this particular situation we cannot find any prohibition in statutes or caselaw. This was clearly not a proceeding over which Judge Webb was presiding, as prohibited in Rule 605. Judge Webb also was not testifying about the prior proceeding involving the defendant, but instead, the prevalence of similar incidents in the community. He could have presented the same testimony at any sentencing hearing involving a stabbing between any family members. Therefore, we do not find that the trial court abused its discretion in allowing Judge Webb to testify concerning the need in Gibson County to deter violent domestic crimes involving knives and stabbing.[1]

**Maximum Sentence**

The defendant also challenges the trial court's imposition of a four year sentence. Her main argument is that she should not have been sentenced to the maximum of the sentence range, and that she is actually a favorable candidate for alternative sentencing.

Turning more specifically to the facts of this case, the defendant was convicted of reckless homicide. Because this is a Class D felony, the sentence range is two to four years. Tenn. Code Ann. § 40-35-112(a)(4). As a Range I offender convicted of a Class D felony the starting point for sentencing determinations is the minimum sentence, which is two years in this case. See Tenn. Code Ann. § 40-35-210(c).

In balancing these concerns, a trial court should start at the presumptive sentence, enhance the sentence within the range for existing enhancement factors, and then reduce the sentence within the range for existing mitigating factors. Tenn. Code Ann. § 40-35-210(e). No particular weight for each factor is prescribed by the statute. See State v. Santiago, 914 S.W.2d 116, 125 (Tenn. Crim. App. 1995). The weight given to each factor is left to the discretion of the trial court as long as it comports with the sentencing principles and purposes of our code and as long as its findings are supported by the record. Id.

---

[1] Although it is not reversible error to allow the general sessions judge to testify in this case, using sitting judges as witnesses in the community where they preside should be avoided when possible. This practice could create the appearance of compromising the independence of the judge by placing the judge on one side of an adversarial proceeding between lawyers who may often appear before the judge. See Judicial Ethics Opinion No. 139 (1991).

At the conclusion of the sentencing hearing, the trial court found that the defendant should be sentenced to an enhanced sentence of four years based on the trial and the proof at the sentencing hearing. The trial court stated that the defendant had a previous misdemeanor conviction of aggravated assault stemming from her stabbing of another individual, as she had done in this case. The trial court also took judicial notice of the increase in violent activity with knives and other sharp objects in Gibson County. The trial court stated that there was a need to provide a deterrent to such crimes in Gibson County. In addition, the trial court stated that it was important to "establish moral symmetry between crime and punishment."

As we have stated above, we must consider the defendant's potential for rehabilitation, the trial and sentencing hearing evidence, the pre-sentence report, the sentencing principles, sentencing alternative arguments, the nature and character of the offense, the enhancing and mitigating factors, and the defendant's statements. Tenn. Code Ann. §§ 40-35-103(5), -210(b); Ashby, 823 S.W.2d at 169. However, the defendant did not include a transcript of the trial in the record. Therefore, due to this omission we are somewhat limited in our review.

Nevertheless given the record before us it appears that the defendant had previous criminal convictions or criminal history as evidenced by her conviction for aggravated assault and driving without a license, as well as her admitted extensive use of both marijuana and cocaine as an adult. See Tenn. Code Ann. § 40-35-114(2). The proof also showed that the defendant possessed or employed a deadly weapon, a knife. See Tenn. Code Ann. § 40-35-114(10). The trial court also stated its reliance upon the need to deter the incidence of stabbing. This finding meets one of the stated purposes for punishment found at Tennessee Code Annotated section 40-35-102(3)(A), "Providing an effective general deterrent to those likely to violate the criminal laws of this state . . . ." There are no mitigating factors present in this case. Therefore, the trial court properly enhanced the sentence to four years from the minimum sentence of two years.

We find adequate support in this record for the trial court's imposition of the maximum sentence of four years for defendant's conviction for reckless homicide. Therefore, we affirm the decision of the trial court.

_____
JERRY L. SMITH, JUDGE